STATE OF MINNESOTA

COUNTY OF OTTER TAIL

DISTRICT COURT

SEVENTH JUDICIAL DISTRICT

Allied Sales Drivers and Warehousemen,
Local No. 289, International Brotherhood
of Teamsters, and Teamsters Local No. 120,

Plaintiffs,

v.

Sara Lee Bakery Group,
Sara Lee Corporation,

Defendant.

**SUMMONS**

You are hereby summoned and required to serve upon the Plaintiffs' attorney an Answer to the Complaint which is herewith served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Rule 114 of the Minnesota General Rules of Practice provides that alternative dispute resolution (ADR) must be considered for nearly all civil cased filed in district court. Upon receipt of the completed Certificate of Representation and Parties required by Rule 104 of the General Rules of Practice, the court administrator will provide the attorneys of record and any unrepresented parties with information about ADR processes available to the county and the availability of a list of neutrals who provide ADR services in that county. After the filing of this action, the parties are required to promptly confer regarding case management issues, including the selection and timing of the ADR process. Following this conference, ADR information shall be included in the

informational statement required by Rules 111.02 and 304.02 of the Minnesota General

Rules of Practice.

Dated: 12 - 15 - 10

_James T. Hansing_
JAMES T. HANSING (#40769)
Attorney for Plaintiffs
840 TriTech Center
331 Second Avenue South
Minneapolis, MN  55401
(612) 333-6113

STATE OF MINNESOTA

COUNTY OF OTTER TAIL

DISTRICT COURT

SEVENTH JUDICIAL DISTRICT

---

Allied Sales Drivers and Warehousemen,
Local No. 289, International Brotherhood
of Teamsters, and Teamsters Local No. 120,

              Plaintiffs,

**COMPLAINT**

v.

Sara Lee Bakery Group,
Sara Lee Corporation,

              Defendant.

---

## I.

This is an action for breach of a collective bargaining agreement brought pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185 by plaintiff Allied Sales Drivers and Warehousemen, Local No. 289, International Brotherhood of Teamsters, and Teamsters Local No. 120 (herein referred to as the Unions), against the defendant Sara Lee Bakery Group, Sara Lee Corporation (herein referred to as defendant employer).

## II.

That this Court has jurisdiction under Section 301(c) of the Labor Management Relations Act, 29 U.S.C. §185(c).

## III.

That the plaintiffs are unincorporated associations and labor organizations jointly representing employees of the defendant employer in various counties in the State of Minnesota, including Otter Tail County. The Unions are the exclusive representative of a

unit of route sales representatives, transport drivers, and mechanics employed at all material times herein at the employer's plant in Fergus Falls, Minnesota..

IV.

That the defendant employer is a corporation doing business within the State of Minnesota and this judicial district.

V.

That for several years, the Unions and the defendant employer have been parties to collective bargaining agreements covering the terms and conditions of employment of employees in the bargaining unit described in paragraph III above. The current labor agreement has been in effect from October 14, 2007 to October 9, 2010, a copy of which is attached hereto as Exhibit A. An extension of Exhibit A was agreed to by the parties on September 26, 2010, which extended Exhibit A to December 31, 2010. A copy of the extension agreement is attached hereto as Exhibit B.

VI.

That attached to Exhibit A hereto is an addendum entitled, "Fergus Falls Transports/Mechanics — Outsourcing," which the parties hereto agreed to on or about March 17, 2008. That according to said addendum, defendant agreed as follows:

> The parties agree that in the event Sara Lee makes a decision to outsource transportation/mechanics and subsequently changes subcontractors for transportation function at its Fergus Falls, MN locations, Sara Lee will require any new subcontractor to accept the then current labor agreement for the remaining term of that agreement.

VII.

That on or about August 26, 2010, defendant notified the Unions that it intended to "utilize the outsourcing agreement" described above by entering into a subcontract

2

with a third party trucking entity in which all transport driver work being performed by drivers employed at its Fergus Falls, Minnesota plant, and represented by the Unions herein, would be performed at a date in the future by the third party contractor.

VIII.

That on August 27, 2010, plaintiff Unions were contacted by TDI Nationwide, Inc., a trucking company and common carrier having its principle office in Woodridge, Illinois, that it had been selected to take over and perform all transport delivery work at the defendant's plant in Fergus Falls, Minnesota.

IX.

That on or about September 1, 2010, a TDI Nationwide, Inc. representative met with a representative of the plaintiff Unions and agreed to recognize and bargain with the plaintiffs as the joint representative of the transport drivers at defendant's plant in Fergus Falls, Minnesota, once the transition took place. That at the same meeting on September 1, 2010, after the TDI Nationwide, Inc. representative was notified that the then current collective bargaining contract between the parties hereto contained a pension clause obligating defendant to make periodic payments to the Central States Pension Fund on behalf of the transport drivers, TDI Nationwide, Inc. represented that it would not agree to such a pension provision.

X.

That on September 16, 2010, all transport drivers were notified by TDI Nationwide and defendant that as of October 10 they would cease to be employees of defendant and that they would become employees of TDI Nationwide, Inc., and that they

3

"will be covered by the new collective bargaining agreement between TCI and Teamsters Local 289."

XI.

That on October 10, 2010, defendant ceased employing the transport drivers formerly employed by defendant at its Fergus Falls, Minnesota plant and represented by the Unions herein, and at the same time the drivers began being employed by TDI Nationwide, Inc. That no agreement between plaintiff Unions and TDI Nationwide has been reached.

XII.

That on September 28, 2010, plaintiff Unions requested certain information from defendant, namely, that defendant make available information and documentation showing that it complied with the parties' outsourcing agreement requiring "any new subcontractor to accept the then current labor agreement for the remaining term of that agreement." That by correspondence dated October 7, 2010, plaintiffs filed a "complaint" or grievance under the labor agreement, and requested that defendant "suspend all action relative to the outsourcing of bargaining unit work to TDI Nationwide." Plaintiffs' correspondence of September 28 is attached hereto as Exhibit C, and its correspondence of October 7 is attached hereto as Exhibit D.

XIII.

That on October 11, 2010, defendant notified plaintiff Unions that "the information requested is confidential" and that no further information or documentation will be provided. A copy of defendant's reply letter is attached hereto as Exhibit E.

XIV.

4

That after TDI Nationwide began employing the transport drivers referred to in the paragraphs above, defendant ceased making any pension payments under Exhibit A and ceased providing any health and welfare benefits. At the same time, TDI Nationwide unilaterally adopted its own health insurance program for the transport drivers.

### XV.

That Article 10 of the parties' 2007-2010 collective bargaining agreement provides in part as follows:

> Section 1. Any dispute arising over the interpretation of the terms and provisions of this Agreement shall be settled by negotiations between the Company and the Union providing such complaint leading to the dispute is submitted in writing to the Company within ten (10) working days of the alleged incident leading to the dispute. . .

> Section 2. If the labor representatives of the Union and the Company cannot reach an adjustment within a reasonable period of time, upon request, of either party, the grievance shall be submitted to a Board of Arbitration . . .

> Section 3. As soon as possible after the selection, the arbitrator will hear the dispute and shall render a decision as soon thereafter as is possible and practical. The decision of the arbitrator shall be final and binding. . .

### XVI.

That by its correspondence on October 7, and as well as its letter of October 15, 2010, the plaintiff Unions filed a "complaint" within the meaning of Article 10 of the parties' collective bargaining agreement and requested arbitration. A copy of plaintiffs' letter of October 15 is attached hereto as Exhibit F. Defendant's only response to the plaintiffs' correspondence of October 7 and 15, and to its September 28, 2010 request for information and documentation was its written response of October 11 in which it failed and refused to provide any information or documentation concerning the outsourcing.

5

## XVII.

That since October 10, 2010, and at all material times thereafter, defendant has failed and refused to require TDI Nationwide, Inc. to accept the terms and conditions of the 2007-2010 collective bargaining agreement between the parties hereto; failed and refused as of October 10, 2010, to maintain the group health and welfare benefits (i.e., group medical plan and Central States Pension Fund) for all transport drivers; failed and refused to provide information and documentation relative to its relationship with TDI Nationwide and its outsourcing of bargaining unit work at its Fergus Falls, Minnesota, plaint; and (4) failed and refused to proceed to arbitration over the plaintiffs' complaint and grievance relative to defendant's action in outsourcing transport driver work at its plant in Fergus Falls, Minnesota.

## XVIII.

That by its conduct and actions as described in the paragraphs above, defendant employer has violated and is violating the parties' collective bargaining agreement.

## XIX.

That by violating the collective bargaining agreement as described above, defendant employer is causing irreparable harm and damages to the plaintiff Unions and the transport drivers referred to in the paragraphs above.


WHEREFORE, plaintiffs pray for an Order as follows:

1. For an Order enjoining defendant from violating the terms and conditions of the "outsourcing" agreement contained in Exhibit A ;

2. For an Order enjoining defendant from transferring and subcontracting any transport delivery work to TDI Nationwide, Inc.

3. For an Order directing the defendant to require any third party contractor to accept the terms and conditions of Exhibit A.

4. For an Order requiring defendant to produce all relevant information and documentation relative to its subcontracting/outsourcing relationship with TDI Nationwide, Inc.;

5. For an Order requiring defendant to proceed to arbitration in an expeditious fashion;

6. For judgment against defendant in excess of $50,000, along with costs and disbursements.

7. That the plaintiffs' be awarded their costs and disbursements and attorney fees in bringing this action;

8. For such other and further relief as the Court finds just and proper.

Dated: 12-15-10

James T. Hansing

JAMES T. HANSING (#40769)
Attorney for Plaintiffs
840 TriTech Center
331 Second Avenue South
Minneapolis, MN 55401
(612) 333-6113

ACKNOWLEGMENT REQUIRED BY
MINN. STAT. §549.21, SUBD. 1

The undersigned hereby acknowledges that pursuant to Minn. Stat. §549.21, Subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defendant that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Dated: 12-15-10

James T. Hansing

JAMES T. HANSING (#40769)
Attorney for Plaintiffs
840 TriTech Center
331 Second Avenue South
Minneapolis, MN 55401
(612) 333-6113

8